# Price's Appeal.

In distributing the fund arising from a sheriff's sale of real estate a creditor who had a judgment obtained upon a bond conditioned for the payment of "all moneys borrowed from said creditor, or which may from time to time, be borrowed from the same, lawful money as aforesaid, at or upon the time when the same shall become due," as evidence of the amount due on said judgment, produced before an auditor certain promissory notes which had been renewed from time to time, and a large portion of the consideration of which was usurious interest. *Held*, that as the record of the judgment did not show a lien for a specific sum, and resort must be had to other testimony to ascertain the sum secured thereby, a subsequent lien creditor had the right to object to the allowance of the usurious interest, and was entitled to have it deducted from the amount of the notes.

March 16th 1877. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

[Price's Appeal.]

Appeal from the Common Pleas of *Schuylkill county :* Of January Term 1877, No. 197.

This was a question of distribution of the proceeds of the sheriff's sale of the real estate of Garner & Christian, under a judgment of the Miners' and Laborers' Saving Fund Association.

Before an auditor appointed to distribute the fund the following claimants appeared :—

1. The Ashland Banking Company, whose claim was based on a judgment, entered in the Common Pleas, January 12th 1872, on bond and warrant of attorney given by Garner & Christian, dated January 3d 1872, for $8000, conditioned for the payment of " all money borrowed from the said The Ashland Banking Company, or which may from time to time be borrowed from the same, lawful money as aforesaid, at or upon the days and times when the same shall fall due."

2. The Miners' and Laborers' Saving Fund Association, whose claim was founded on a judgment in the same court, entered August 6th 1875, conditioned for the payment of $16.000, entered on bond and warrant of attorney, dated June 19th 1874, containing a waiver of exemption laws and inquisition, given by Garner & Christian. On this judgment the writ of fi. fa. in this case issued.

3. John B. Price, trustee, whose claim was predicated on a mortgage, given by Lewis P. Garner and William A. Christian, trading as Garner & Christian, to him in trust for the sole and separate use of Sarah Garner, wife of Lewis P. Garner, dated June 24th 1874, recorded in Schuylkill county, June 29th 1874, for $6210, secured on the premises sold under the above writ of fi. fa., and on which a scire facias was issued July 6th 1875, and judgment rendered October 4th 1875, for $6678.65.

These two judgments, and the mortgage of Price, were liens on the real estate sold under the above writ, and had priority in the order here given. The claim of the Saving Fund being undisputed, the auditor found the same to amount to $7300, and by agreement of the parties interested, was taken out of court before the filing of the auditor's report, leaving for distribution $4750.

The bank claimed, under their judgment, the amount of two promissory notes, given by Garner & Christian, to the order of L. P. Garner, one dated June 19th 1875, at sixty days, for $486.77, including interest and protest, and the other, dated May 22d 1875, at sixty days, for $3428.08, including interest and protest, which were discounted by the bank for Garner & Christian. From the testimony taken by him, the auditor found that these two notes were the renewals of other notes of Garner & Christian, discounted by the bank at various times, running back to the rendition of the bank's judgment ; and that at the time the bank renewed and discounted these series of notes, a discount of about one per cent. per month was charged by the bank and paid by Garner & Christian,

and that the aggregate of usurious interest thus paid by Garner & Christian at these several renewals, amounts to the sum of $1599.09.

At the hearing before the auditor, Price, the appellant, contended that as the judgment of the bank was only collateral security for loans made or to be made by the bank to the firm, and as the judgment on its face was not conditioned for the payment of a definite sum, the burden of showing the amount due the bank under it rested with the bank ; and that Garner & Christian being insolvent, John B. Price, a subsequent lien creditor, having a specific lien on the real estate sold under the writ, could make any objection and avail himself of any defence that Garner & Christian had in law and equity to the amount claimed by the bank under the judgment, and as Garner & Christian had the legal right to defalk and deduct from the debt all usurious interest paid by them to the bank, Price had the same right, and that the payment of usurious interest by Garner & Christian was to be treated in the distribution of the fund, they being insolvent, as payment on the principal debt, it being in law a payment on the debt, and that under the law and facts of this case, it was the duty of the auditor to deduct from the claim of the bank, the amount of usury paid by Garner & Christian.

After reviewing the cases of Greene *v.* Tyler & Co., 3 Wright 361, Good *v.* Grant, 26 P. F. Smith 52, and Miners' Trust Company Bank *v.* Roseberry, 31 P. F. Smith 309, the auditor was of the opinion that the rights conferred by the Act of 28th May 1858, Pamph. L. 622, were personal privileges of the debtor who paid the usurious interest, and that none others could avail themselves of these advantages of the act. That the only ground upon which these rights could be claimed for the creditors would be that the contract was a fraud upon them or was intended to defraud creditors, or that the circumstances of the debtor were such that it might reasonably be presumed that this would be the effect of such a contract. Here no fraud was shown to be intended, nor was there any evidence that the bank had such knowledge of the circumstances of Garner & Christian, that they could reasonably presume that the result of the taking of this excessive interest would be a fraud upon creditors ; and that the fact of the insolvency of the debtor was not sufficient to justify the claim here made. The auditor, therefore, awarded to the bank the amount of their claim, $3914.85, and the residue of the fund, $536.86, to Price on account of his mortgage. Exceptions were filed to this report by Price, which the court overruled, and sustained the report, making a decree of distribution in accordance with the views of the auditor.

From this decree this appeal was taken.

*F. W. Bechtel* and *F. W. Hughes,* for appellant.—The contention of the appellant is that this judgment on its face is not conditioned for the payment of any definite or liquidated sum of money,

[Price's Appeal.]

consequently the sum due on it at the time of sale must be shown by evidence *aliunde*, and that the burden of showing this is on the bank; that as a matter of practice, a sci. fa. to liquidate the amount due on it, should precede an execution, or if copies of these two notes had been filed and execution issued, Garner & Christian, or either of them, could have pleaded the usury paid by them in payment of the amount·claimed by the bank; that as Garner & Christian were *insolvent*, and the proceeding being the *distribution* of the proceeds of the sale of their real estate, on which Price had a specific lien, he could make any objection and set up any legal defence against the bank's claim that Garner & Christian, the defendants, could on sci. fa. on the judgment: Clark *v.* Douglass, 12 P. F. Smith 415.

In making distribution the court will do so in accordance with equity, as prescribed by the Act of 16th June 1836, Pamph. L. 777, 1 Purd. Dig. 656, pl. 107, and it certainly would not be equitable to permit the bank to appropriate more of the insolvent debtor's property. than is legally and honestly due. The question under discussion was expressly decided in Green *v.* Tyler & Co., 3 Wright 361. Miners' Trust Co. Bank *v.* Roseberry, 31 P. F. Smith 309, is not in conflict with the right claimed by appellant. Verner *v.* Carson, 16 P. F. Smith 440, upon which the auditor relied, was a case wherein the claimant had no equity.

The judgment of the bank as it appears on record is conditioned for the payment of "all money borrowed or to be borrowed from time to time," and makes no reference to the rate of interest. Price is presumed to have had notice of this judgment, but he can only be affected by what appears upon the record, and as there is no testimony in the case that he knew anything of the usurious contract, he had the right to conclude that all that could be collected under it was the sum loaned on the strength of it and legal interest.

*W. A. Marr* and *James Ryon*, for appellees.—The plaintiff in the judgment could have issued execution against Garner & Christian for $8000, the amount of the bond, without scire facias, suggestion or other proceedings, to ascertain the damages, and the only way the defendants could have availed themselves of the defence of usury would have been to have applied to the court to open the judgment and let them into a defence; they could not raise the question of usury in any proceeding which did not directly show payment, accord or satisfaction of the judgment; there is no such thing as a set-off to a judgment. The auditor had no right to disregard the judgment or allow any other lien a priority over it, and was concluded by the record: Thompson's Appeal, 7 P. F. Smith 175; Dyott's Estate, 2 W. & S. 567; Leeds *v.* Bender, 6 Id. 318.

In the distribution of a fund, judgment creditors may attack a judgment collaterally, when it is a fraud on them, but not because

it is fraud on the debtor: Dougherty's Estate, 9 W. & S. 189; Lewis *v.* Rogers, 4 Harris 18; Verner *v.* Carson, 16 P. F. Smith 440; Good *v.* Grant, 26 Id. 52. Green *v.* Tyler, *supra*, was prior to the Act of 1858, and Miners' Trust Company Bank *v.* Roseberry, 31 P. F. Smith 309, sustained the report of the auditor.

Mr. Justice Mercur delivered the opinion of the court, May 7th 1877.

This is a case of distribution. The fund was raised by a sheriff's sale of the real estate of Garner & Christian. The claim in contention arises on a judgment entered on a bond and warrant of attorney executed by Garner & Christian, in favor of the appellee. The bond was in the penal sum of $8000, conditioned for the payment of " all moneys borrowed from the said The Ashland Banking Company, or which may from time to time be borrowed from the same, lawful money as aforesaid, at, or upon, the days and times when the same shall fall due." It was entered of record prior to the date of the mortgage on which the appellant claims. At the date of the bond, the appellee held notes against Garner & Christian for borrowed money, equal to the amount of the notes on which it now claims. They have been renewed from time to time. The discount charged on each renewal was in excess of six per centum, and a large proportion of the consideration of the renewed notes, now presented for payment, is usurious. The auditor reported in favor of the payment of the whole amount of the notes. The court affirmed the report, and decreed accordingly. This is assigned for error.

The question is not one of indebtedness only, but is also one of lien. The right of the appellee to a share of the fund, rests on the lien only. It therefore can extend to the payment of no claim not sustained by the lien. The validity of the lien is to be decided by the record. Within the limits prescribed by the recorded obligation, the indebtedness is secured by the lien. Beyond these limits, whatever may be its validity between the parties, it is no judgment lien. This judgment states no certain amount of indebtedness as being thereby secured; but it cannot exceed the sums of money borrowed. The lien by virtue of which the appellee claims, is not a judgment obtained on the notes in question, and therefore there is no judicial liquidation of the amount due. The judgment created a lien for such sums only as might be due for money borrowed of the appellee. The important question then is how much money was borrowed and remains unpaid? The notes were no more than presumptive evidence of the sum borrowed. The auditor found as a fact that the sums of money borrowed by Garner & Christian, with lawful interest thereon, are much less than the amount of the notes on which the appellee claims.

It is claimed on the authority of Verner *v.* Carson *et al.*, 16 P. F.

3 Norris—10

Smith 440, Good *v.* Grant, 26 Id. 52, and Miners' Trust Co. Bank *v.* Roseberry, 31 P. F. Smith 309, that, in the absence of fraud, none but Garner & Christian can set up the usury against the notes. That inasmuch as they do not, and the auditor has found there was no proof that the contract for the excess of interest was intended to defraud creditors, or that the parties thereto could reasonably have presumed such would be the effect of taking this excessive interest, therefore the amount called for by these notes is conclusive on the appellant.   If the recorded lien described these notes, or if it specified a certain sum of money to be paid, or if judgment had been recovered on these particular notes and the validity of that judgment was questioned, then the case would admit of the application of the authorities cited.   But under the facts of this case they do not apply.   The record proves a lien for no specific sum. To ascertain the sum thereby secured, resort must be had to other testimony.   As evidence, the appellee presents certain notes, which represent an amount greater than the sum borrowed.

Conceding that the appellant cannot attack the validity, or consideration, of the judgment, except for fraud, yet we answer, he makes no attempt to attack the judgment for any purpose.   He gives it full effect.   He concedes its validity according to its terms, and for all the money borrowed on the strength thereof.   For so much only is it a lien.   The appellee and the debtor cannot, even by an agreement, in regard to the notes, made in good faith, create a lien security to the injury of other lien creditors for more than the sums of money actually borrowed.   No contract other than that shown by the record can be set up to establish the amount secured by the lien.   To that extent the judgment was notice of a valid lien.   Beyond that, it was no notice.   The appellee cannot say, "the debtor and I have agreed that there is a certain sum due and the appellant cannot controvert it."   In so far as that agreement may be invoked to enlarge the lien to his prejudice, the appellant may object to it.   To the extent of the excessive interest charged, the judgment never was a lien.   No subsequent agreement between the parties, not duly entered of record, could create or enlarge the lien to the prejudice of the appellant.

It is further contended that the auditor had no right to disregard a judgment regular on its face.   This is true.   But here the auditor is not asked to set it aside or to disregard it.   The record was indefinite as to the extent of the sum covered by the lien.   The appellee gave evidence to prove and establish the just sum.   The appellant controverts the truthfulness of that evidence.   He in no manner denies the validity of the judgment.   He shows the appellee claimed, and the court allowed, a sum greatly in excess of the sum borrowed or secured by the lien.   The error arose in not distinguishing between the personal contract of the parties to

the notes and the recorded lien.   The appellant is concluded by the latter only.

> Decree reversed and record remanded, with instructions to decree distribution conformably with this opinion; and it is ordered that the appellee pay the costs of this appeal.