## McPherran's Estate (No. 2).

*Judgment—Decedents' estates—Fraud—Creditors.*

A judgment recovered against a decedent's estate on a note given by the decedent in his lifetime, will not be disallowed as a claim against the estate at the instance of a creditor, on the ground that the note was without consideration, where an auditor, confirmed by the court below, finds as a fact that the note was not given to defraud creditors.

*Decedents' estates—Guardian and ward—Auditor—Findings of fact.*

An auditor's finding of fact that a decedent had invested none of his ward's money in real estate standing in the decedent's name, when such finding is confirmed by the court below, and is based upon sufficient evidence, will not be reversed by the Supreme Court in the absence of manifest error.

Argued April 19, 1905. Appeal, No. 66, Jan. T., 1905, by Frank P. Beam, from decree of O. C. Huntingdon Co., No. 17, of 1905, dismissing exceptions to report of auditor in Estate of Porter W. McPherran, deceased. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to report of John D. Doris, Esq., auditor. Before WOODS, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing exceptions to auditor's report.

*H. H. Waite* and *T. F. Bailey*, for appellant.—Creditors were not concluded by the proceedings in the common pleas : Williams v. Williams, 34 Pa. 312 ; Second Nat. Bank's App., 85 Pa. 528 ; McNaughton's App., 101 Pa. 550 ; Meckley's App., 102 Pa. 536.

If there is no actual debt, the confession of judgment stands upon the same plane as a voluntary conveyance, and is void as to creditors, under the statute of 13th Elizabeth C. 5. If voluntary, a fraudulent intent results as a conclusion of law: Shontz v. Brown, 27 Pa. 123 ; Handy v. R. R. Co., 1 Phila. 31 ; Clark v. Douglass, 62 Pa. 408 ; Brandt v. Stevenson, 3 Phila. 205 ; Davis v. Charles, 8 Pa. 82 ; Miller v. McAlister, 178 Pa. 140.

*Samuel I. Spyker* and *W. H. Woods*, with them *J. S. Woods*, for appellee.—A judgment of record cannot be assailed in a collateral proceeding, except for collusion and fraud, and then only by the party whom it is intended to defraud.

OPINION BY MR. JUSTICE POTTER, June 22, 1905:

The first and second assignments of error relate to the allowance of the claim of W. S. McPherran upon his judgment for $12,556.67. The facts in regard to this claim are as follows :

On September 10, 1898, W. S. McPherran brought an action of assumpsit against John P. McPherran, administrator of P. W. McPherran, deceased. By his statement the plaintiff claimed to recover the amount of a judgment note for $10,000 dated February 7, 1895, to the order of plaintiff signed by the decedent and payable one day after date. The administrator pleaded non assumpsit, and non est factum ; issue was joined, and a trial resulted in a verdict on May 11, 1899, in favor of the plaintiff for the full amount of the note, with interest, upon which judgment was subsequently entered.

The record of the judgment was offered in evidence before the auditor, and was objected to by counsel for the present appellant, a creditor of the estate, for the alleged reason that the judgment note was signed and delivered to claimant by the decedent without such a consideration as would entitle it to participate in the fund for distribution until after payment of the just debts of the estate. Testimony was offered to show that the note was without consideration, but the auditor held that " after a closely contested contest in court the note was sustained by the verdict of the jury and in the absence of any evidence of fraud and collusion he does not feel justified in inquiring back of the judgment on the ground that it was without consideration, especially since its validity has been established by the verdict in court." He therefore allowed the claim.

It is stated in the appellant's paper-book that the questions tried in the action at law were whether (1) the note was a forgery ; and (2) whether there was a good consideration for it as between the original parties.

The court, upon exceptions, referred the report back to the auditor to hear additional testimony and find the facts on three

questions, one of which was whether the judgment note was or was not given without an adequate legal consideration. After hearing the testimony the auditor found that the facts shown constituted an adequate legal consideration for the note in the absence of fraud and collusion, and that the evidence failed to show fraud and collusion as to creditors in the giving and receiving of the judgment note.

The only direct evidence as to consideration was in the testimony of A. G. McPherran, a son of the claimant, to the effect that he was present when the note was signed ; that he filled it up at the request of decedent, who signed it and gave it to his mother and told her to give it to his father ; that no money passed but decedent told witness that he gave the note in payment of a debt he owed witness's father ; that decedent also told witness that when his grandfather's estate was settled witness's father had not received his just dues " and my father intended to make trouble about it and get his honest dues, and he said to leave it go and he would make it good and he gave that note to make it good. . . . He said he owed it to him as a debt, because he hadn't got his rights in settlement of his father's estate."

There was no testimony in direct contradiction of this witness, who was called on behalf of the accountant. Counsel for the latter offered to show the amount of the estate of claimant's father to contradict the witness, but the evidence was excluded. Certain letters of the claimant to decedent were also offered to show financial relations between the brothers, apparently inconsistent with the existence of this indebtedness.

The court overruled exceptions to the auditor's report and sustained his allowance of the claim on the note. This is assigned as error.

The auditor was controlled by the fact that he found no evidence of fraud or collusion; and that being the case, he followed the principle in Dougherty's Estate, 9 W. & S. 189, where the syllabus reads : " On an appropriation of the proceeds of a sale of real estate by the sheriff, judgment creditors may avail themselves of a right to set aside a judgment given and obtained by a collusion for the purpose of defrauding them ; but they cannot thus attack a judgment on the ground that the defendant in it was overreached or taken advantage of by the

plaintiff with regard to its consideration." And Second Nat'l. Bank's Appeal, 96 Pa. 460, where the syllabus reads: "A judgment in the absence of fraud cannot be collaterally impeached, and it is error for an auditor, appointed to distribute the proceeds of a sheriff's sale, to go behind a judgment regularly entered upon adverse proceedings without fraud or collusion." And in Thompson's Appeal, 57 Pa. 175, where Justice Strong said: "Judgment creditors may attack a judgment collaterally when it is a fraud upon them, as when there has been collusion between the debtor and the creditor; but they cannot set it aside merely because it is a fraud upon the debtor." And again in the case of Hawley v. Griffith, 187 Pa. 306 (313), the court below in an opinion approved by the Supreme Court says, that if the parties had no fraudulent intent, then the judgment was not collusive, and that it is well settled that creditors have no right to impeach a judgment on any other ground than collusion.

The principle upon which the auditor stood, was also sustained in Woods v. Irwin, 141 Pa. 278 (293), where Justice Mitchell said: "In Clark v. Douglass, 62 Pa. 408, this court, through Sharswood, J., said, that it was now fortunately well settled that creditors have no right to impeach a judgment on any other ground than collusion, and in Meckley's App., 102 Pa. 536, it was held that a judgment honestly confessed to a wife by an insolvent was good against creditors. If not for more than was due, it was not fraudulent either in fact or in law, though there had been no agreement for interest on the money advanced by the wife and such interest had been included in the judgment."

In was then held (Woods v. Irwin) that where the executrix had confessed judgment to the alleged creditor, other creditors could not interpose to have the judgment opened for the purpose of pleading the statute of limitations. It is further said (p. 295): " This result is not at all affected by the fact that the creditors in the orphans' court will have the fund diminished by the judgment. . . . As already shown, the debtor himself might confess judgment no matter how much it diminished the creditor's chance of payment and his representative stands in this respect in his place."

It will be remembered that in the case now under considera-

tion, the administrator did not confess judgment, but contested the suit.

And again in Page v. Suspender Co., 191 Pa. 511, the present Chief Justice states the rule as follows (p. 519) : " There must be fraud, and the creditor must be party to it, to avoid the judgment at the suit of other creditors.   In Meckley's App., 102 Pa. 536 (543), it was said by our late Brother CLARK : ' It is doubtless true, as said by Mr Justice SHARSWOOD in Clark v. Douglass, 62 Pa. 408, that "a judgment confessed voluntarily by an insolvent or indebted man for more than is due is prima facie fraudulent within the statute of 13 Eliz. c. 5 ; " but then it is only prima facie fraudulent, and as the auditor has specifically and expressly found from the evidence that, in fact there was no dishonest or fraudulent purpose to cheat or defraud, delay or hinder the creditors, that prima facie presumption is by the auditor's finding fully rebutted.'   So here, we do not think the rules of law are to be so applied as to compel us to hold that to be a fraud which the court has on the evidence found to have been done honestly and in good faith."

Under these authorities the finding of the auditor, confirmed by the court below, that the evidence fails to show fraud and collusion, must be accepted as conclusive of the fact.

The third and fourth assignments relate to the refusal of the auditor to find that the decedent, as guardian of the appellant, had invested $2,000 of his ward's money in certain real estate in Harrisburg, known as the Eby lots, and to award to appellant the sum of $1,800, being the proceeds of the sale of those lots.   The auditor did find that $3,000 of appellant's money went toward the purchase of other real estate by decedent and awarded it accordingly out of the proceeds.   But as to the Eby lots, he reports that he is of the opinion " that the weight of the evidence fails to establish the fact that any portion of Frank P. Beam's money went into their purchase by P. W. McPherran." This finding was approved and confirmed by the court below.

By the testimony offered by claimant the $3,000 was directly traced into the Sixth street properties, but this was not the case as to the Eby lots.   The finding of the auditor in this respect, approved as it is by the court, must be respected.

The fifth assignment of error was not argued by appellant

and the sixth was merely to the decree of the court dismissing appellant's exceptions and confirming the auditor's report.

The assignments of error are all dismissed, and the report of the auditor, as confirmed by the court below, is approved.