## Weldon's Estate.

*Judgment—Fraud—Preference—Father and son—Interest—Findings of fact by auditor.*

An auditor's finding that a judgment promissory note given by a decedent to his son was for a bona fide indebtedness, when such finding is based upon competent evidence and is confirmed by the court below, will not be disturbed except upon the clearest proof of mistake.

In such a case the mere fact of the relationship of the parties, or that the giving of the note created a preference, or that in a proceeding to revive the judgment on the note the son waived the interest, will not invalidate the note as fraudulent.

Argued March 15, 1906. Appeal, No. 9, March T., 1906, by John D. Weldon et al., from decree of O. C. Perry Co., dismissing exceptions to auditor's report in Estate of John Weldon, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to report of W. N. Seibert, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*J. M. Barnett,* of *Barnett & Son,* for appellants, cited: Bredin v. Bredin, 3 Pa. 81; Confer v. McNeal, 74 Pa. 112; Souder v. Schechterly, 91 Pa. 83; Rogers v. Hall, 4 Watts, 359; Gibbs v. Neely, 7 Watts, 305; Mackinley v. McGregor, 3 Whart. 369; Jackson v. Summerville, 13 Pa. 359; Covanhovan v. Hart, 21 Pa. 495; Abbey v. Dewey, 25 Pa. 413; Taylor v. Adams, 2 S. & R. 534; Wonsetler v. Wonsetler, 23 Pa. Superior Ct. 321; Lasher v. Press Co., 203 Pa. 313; Werner v. Zierfuss, 162 Pa. 360; Thornburn v. Thompson, 192 Pa. 298; Bentz v. Rockey, 69 Pa. 71; Meyers v. Meyers, 24 Pa. Superior Ct. 603; Poorman v. Kilgore, 26 Pa. 365.

*Charles H. Smiley,* with him *George B. Roddy,* for appellee, cited: Reehling v. Byers, 94 Pa. 316; Brown's App., 86 Pa. 524; Fritz's Est., 160 Pa. 156; Sutch's Est., 201 Pa. 305;

Collins v. Cronin, 117 Pa. 35; Kitchen v. McCloskey, 150 Pa. 376.

OPINION BY HENDERSON, J., April 23, 1906:

The judgment of the appellee which the appellants contest was entered April 15, 1891, and has been twice revived. It had for its origin a judgment promissory note given by the decedent to the accountant, his son. The appellants are creditors of the decedent, who allege that the note referred to was without consideration and given to hinder, delay and defraud creditors. The auditor found in a carefully prepared report that the note was given for a bona fide indebtedness, and that there was no collusion between the maker and the payee in the transaction, which conclusion was approved by the orphans' court. It has been repeatedly said that findings of fact by an auditor when approved by the court must be regarded as the verdict of a jury, and are not to be disturbed except upon the clearest proof of mistake: Fritz's Estate, 160 Pa. 156; McPherran's Estate, 212 Pa. 432. The burden rested upon the appellants to show by satisfactory evidence that the decedent and the appellee had conspired to hinder, delay or defraud the creditors of the former. It was not sufficient to show that they bore the relationship to each other of father and son, nor that a judgment was confessed, the lien of which would exclude the appellants from participation in the proceeds of the sale of the decedent's land. If the decedent was indebted to his son, the latter had a right to take a written obligation for such indebtedness and to secure it by obtaining a judgment against the land of the debtor. Business transactions between father and son are not prima facie fraudulent. They are to be treated as are the dealings between other debtors and creditors. Where the honesty of a debt between father and son is impeached and fraud alleged it must be distinctly proved: Reehling v. Byers, 94 Pa. 316. Such a claim cannot be invalidated by showing that a preference was given. Unless prohibited by an insolvent law the debtor may prefer one creditor before another. To do so is neither a fraud in law or fact: Brown's Appeal, 86 Pa. 524. A creditor is under no obligation to take care of other creditors under such circumstances, nor does the motive of the debtor affect the validity of the obligation unless the creditor

is a party to the unlawful design. If the debt be an actual one and the creditor's intention honest, he cannot be affected by the defendant's intention. The stipulation indorsed on the amicable scire facias filed April 4, 1896, that the judgment was to be without interest until paid, does not amount to a reservation of the property incumbered to the defendant in the judgment. It is rather an indulgence by the plaintiff, not prejudicial to any junior creditor and not forbidden. Various considerations might induce such an agreement, and it could hardly be considered evidence of fraud that a son was willing to postpone the time when interest should become due on a debt owed to him by his father.

There was some evidence tending to support the contention of the appellants, or at least to excite suspicion in regard to the integrity of the judgment, but the auditor, exercising the functions of a jury in the premises, found that the transaction was honest and the debt valid, and there was evidence upon which such conclusion might be based. It was undisputed that the son had worked for his father about eight years after he reached his majority, and that the father declared at the time the obligation was given that it was to secure him compensation for his services. The amount charged, $100 a year, was apparently a very moderate sum, and it is not difficult to understand from the evidence why the auditor arrived at a conclusion sustaining the judgment. The appellee is not seeking to establish a parol contract for services. He not only offered proof of the work done but has the decedent's written acknowledgment of his obligation therefor, and that in the form of a judgment. To set aside a judgment substantial proof is required, and we are not satisfied that the auditor committed an error in refusing to find that the judgment in question was fraudulent.

The assignments are overruled and the decree affirmed.