## Citizens National Bank of Washington, Appellant, *v.* Wood et al.

Argued March 23, 1937.   Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*E. C. Higbee,* of *Higbee, Matthews & Lewellyn,* with him *John J. Humes,* for appellant.

*Eustace H. Bane,* with him *J. K. Spurgeon,* for appellee.

OPINION BY MR. JUSTICE LINN, April 19, 1937:

This appeal is from an order dismissinng the bill on preliminary objections: Equity Rule 48. Three parties were made defendants. Plaintiff sought an injunction (1) restraining defendant receiver from assigning to defendant Williams a certain judgment; (2) restraining defendant Williams from taking the assignment; and (3) requiring defendant Grace Wood to elect either (a) to proceed with her petition to open the judgment, or (b) to concede its validity. This judgment was entered by confession in 1929 against Grace Wood and her husband; it is now owned by the defendant receiver and is the first lien on land of Grace Wood.

Prior to the receivership Mrs. Wood filed a petition to open as to her, with leave to defend on the ground that, as to part of the amount for which judgment was confessed, her signature was obtained by fraud* and that, in any event, she is relieved from liability by the Act of June 8, 1893, P. L. 344, 48 PS section 32, disabling a married woman from becoming surety or ac-

---

\* As the bill states only the conclusion, we have not the facts on which the averment was based.

commodation maker for her husband. An answer was filed and the proceeding is still pending.

The bill does not state the amount due on the first lien though it avers that the defendant receiver has agreed with defendant Williams to assign the judgment to him for $2,900, which is much less than the judgment debt and interest. When the bank, of which defendant-appellee is receiver, closed, the defendant Grace Wood had on deposit about $900, which the receiver would of course credit on the judgment, unless she were relieved from liability by the court in the proceeding to open.

Plaintiff is a judgment creditor of Grace Wood by a judgment entered in 1931; it is the third lien on her land. The bill charges that defendants Williams and Grace Wood are engaged in a "conspiracy" by acting in collusion, perpetrating a "fraud." The facts alleged, or inferences made from them, to support these conclusions are that Mrs. Wood is Williams's mother-in-law; that $2,900, which is less than the judgment, will be paid by Williams to and accepted by the defendant receiver for the assignment; that Mrs. Wood's pending proceeding to open renders the judgment of doubtful value; that she is relinquishing her possible claim to a depositor's dividend on the deposit to her credit when the bank closed; that if Williams buys the judgment, it is in her power thereafter, in his interest, to abandon her proceeding to open and thereby establish the value of the judgment at the record amount; that this uncertainty renders the value of plaintiff's third lien uncertain. This possible result is said to be unlawful and the subject of restraint. It is not alleged that the receiver was a party to the alleged conspiracy; his duties are prescribed by federal legislation.

Plaintiff's position, as holder of a junior lien, might of course be improved if, in her proceeding to open, Mrs. Wood destroyed the first lien or reduced the amount payable; on the other hand, if she abandoned the proceeding or failed to establish her contention, plaintiff's

position would be precisely what it was when the third lien was obtained. There is no suggestion that the first lien was obtained in efforts to delay or defraud creditors. The possibility that Mrs. Wood's proceeding to open might succeed, considered with the fact that she would have it in her power to abandon the proceeding (thus enabling Williams to acquire the judgment for much less than its face value) will not create a conspiracy to defraud: *Rosenblum v. Rosenblum,* 320 Pa. 103, 181 A. 583. There is no averment that Mrs. Wood, acting by Williams, is herself the purchaser of the judgment. The law permits her to pay her husband's debts if she wishes to do so. If she went through the form of purchasing the judgment against her it would be treated as paid. While plaintiff, as a subsequent judgment creditor, is not within the Act of March 14, 1876, P. L. 7, 12 PS section 978, providing a method of requiring the entry of satisfaction of a judgment that has been paid *(Heidelbaugh v. Thomas,* 1 Pennypacker 19) the plaintiff, in distribution proceedings, will have the benefit of the payment after the sale of the property, if in fact she becomes the owner of the judgment against herself: *Borland's Appeal,* 66 Pa. 470; cf. *Appeal of Second National Bank of Titusville,* 85 Pa. 528; *Zacharias v. Wagner,* 84 Pa. Superior Ct. 527; *Sponsler's Appeal,* 127 Pa. 410, 17 A. 1097. In determining what his bid for the property at sheriff's sale should be, it might be of advantage to the plaintiff to be advised in advance whether the first judgment had been paid or not, but it is no more difficult to prove it in a proceeding for the distribution of the proceeds than to prove it in advance of any sale, as would be required if it were alleged and sought to be established in a proceeding such as this. Distribution proceedings are conducted "according to law and equity": *Donnan v. Barnes,* 272 Pa. 33, 37, 115 A. 883.

While no ground whatever was alleged to restrain the defendant receiver who filed the objections to the bill,

we have dealt with the case as related to all the defendants. From what has been said it is clear that this is not a case for a decree pro confesso against Williams and Mrs. Wood.

Decree affirmed, costs to be paid by appellant.