Slater Supply Company, Appellant, *v.*
Universal Builders' Supply
Company.

534

Submitted October 2, 1959.   Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Frank R. Bolte,* for appellant.

*John A. Metz, Jr., Guy L. Warman, Harry Bowytz,* and *Metz, Cook, Hanna & Kelly,* for appellee.

OPINION BY MR. JUSTICE McBRIDE, November 24, 1959:

This is a proceeding to determine a dispute concerning the distribution of a sum of money in the hands of the sheriff of Allegheny County arising from the execution sale of certain real estate.

On February 2, 1957, Universal Builders' Supply Company, Inc., entered judgment by confession against Coslow-Ferarra, Inc. for $9,500 based on a judgment note dated February 1, 1957.   Thereafter, on February 13, 1957, judgment was entered in the amount of

$6,963.11 in favor of Slater Supply Company and against the same judgment debtor by confession on a judgment note bearing the same date. In February, 1958, Universal issued a fieri facias on its judgment in the amount of $11,077 (debt $9,500; interest to February 1, 1958, $570; 10% attorney's commission $1,007), with interest, and levied upon and sold real estate of the judgment debtor. The real estate was sold March 7, 1958, at public sale, for $12,725. After payment of costs, taxes, etc., there remained a balance of $11,048.86 which, according to the sheriff's return and schedule of distribution, was to be paid to Universal. On March 20, 1958, Slater filed exceptions to the proposed distribution, averring that the Universal judgment was entered on a note given by Coslow-Ferarra as a construction loan and that only $6,000 had been paid and not the $9,500 for which judgment was entered. On May 16, 1958, upon the motion of Slater the Court of Common Pleas of Allegheny County directed an issue[1] wherein Slater would be plaintiff and Universal defendant, to determine the question of the consideration furnished the judgment debtor by Universal for their note of February 1, 1957. Universal contended that the note was given as security for past

---

[1] This was done by authority of the Act of June 16, 1836, P. L. 755, §86, 12 P.S. §2661, et seq., which provides, inter alia: "§2661. In all cases of sale upon execution, as aforesaid, where there shall be disputes concerning the distribution of the money arising therefrom, the court from which the execution shall have issued shall have power, after reasonable notice given, either personally, or by advertisement, to hear and determine the same, according to law and equity."

. . .

"§2663. If any fact connected with such distribution shall be in dispute, the court shall, at the request, in writing, of any person interested, direct an issue to try the same, and the judgment upon such issue shall be subject to a writ of error, in like manner as other cases wherein writs of error now lie."

due accounts and for future purchases of labor and materials, and that the actual debt exceeded $9,500. Slater admitted that $6,000 was due Universal on this judgment as a result of a construction loan and requested that any sum in excess of that be distributed to them. Pursuant to a stipulation between the parties the sheriff released $6,000 to Universal and retained the remainder of $5,048 for final distribution.

A jury trial was held to determine the precise issue framed by the court. The jury rendered a verdict in favor of Slater. Universal's motion for judgment n.o.v. was granted, and this appeal followed.

The sole legal issue presented is whether under the circumstances of this case a subsequent lien creditor may set aside a judgment entered by confession and prevail over a prior lien creditor? A junior lien creditor may show that after its rendition a prior judgment has been paid or satisfied by the debtor. *Citizens National Bank of Washington v. Wood,* 326 Pa. 176, 191 Atl. 602. But he cannot go behind the judgment except to show collusion between the debtor and the holder of the prior judgment with intent to hinder, delay or defraud other creditors, a class of which he is a member. *McPherran's Estate (No. 2),* 212 Pa. 432, 61 Atl. 956; *Sherrard v. Johnston,* 193 Pa. 166, 44 Atl. 252; *Appeal of Second National Bank of Titusville,* 96 Pa. 460; *Thompson's Appeal,* 57 Pa. 175. In *Thompson's Appeal,* 57 Pa. 175, an auditor had been appointed to distribute the proceeds of a sheriff's sale of real estate and the prior lien creditor presented a claim on a judgment for $6,000. Subsequent lien creditors attempted to prove that the debtor had intended to give a judgment for only $600 and that such sum had been paid. We held that even had this been so it would not have justified the auditor in treating the judgment as anything else than a judgment for $6,000, because "Judgment-creditors may attack a judgment collater-

ally when it is a fraud upon them, as when there has been collusion between the debtor and the creditor; but they cannot set it aside merely because it is a fraud upon the debtor." In the case before us the judgment debtor is not a party thereto and there is no allegation or testimony of fraud or collusion between Universal and the debtor. The contention that the $9,-500 note was given only to secure future advances which amounted to $6,000 is one that perhaps the debtor could raise as a defense but it is not available to Slater, a subsequent lien creditor, in the absence of fraudulent collusion. This rule is in accord with the equities of the situation when it is noted that on February 13, 1957 when Slater received its judgment note and confessed judgment the note of Universal in the amount of $9,500 was of public record. Slater, thus in making its agreement with the judgment debtor impliedly agreed that the security for its advances would be subject to Universal's judgment for $9,500.

It is also apparent that there is no evidence in the record to establish payment of any part of the judgment held by Universal against the debtor after entry of the judgment and before the execution sale.

*Price's Appeal*, 84 Pa. 141, relied on by Slater, is inapposite. In that case the lien was by virtue of a recorded bond in a certain penal sum conditioned upon the payment of money borrowed or to be borrowed. It did not involve a judgment in a liquidated amount. We said: "The lien by virtue of which the appellee claims, is not a judgment obtained on the notes in question, and therefore there is no judicial liquidation of the amount due." . . . "If the recorded lien described these notes, or if it specified a certain sum of money to be paid, or if judgment had been recovered on these particular notes and the validity of that judgment was questioned, then the case would admit of the application of the authorities cited. But under the facts of

this case they do not apply. The record proves a lien for no specific sum."

Since there was no evidence of payment of the judgment or of fraudulent collusion between the debtor and Universal, judgment non obstante veredicto was properly entered by the court below.

Judgment affirmed.