## Bucks County Bank and Trust Company v. Frey

*Grim and Grim,* for plaintiff.

*Harry L. Lees, Jr.,* for defendant.

FULLAM, J., March 22, 1965. — On September 1, 1961, Frederick L. Frey and Helen M. Frey, his wife,

executed a first mortgage in the amount of $26,000 to the Bucks County Bank and Trust Company, and a second mortgage in the amount of $12,500 to Norman I. Ziegenfuss and Marjory, his wife; both mortgages were duly recorded. On December 15, 1961, Mr. and Mrs. Frey executed a judgment note in favor of Mr. and Mrs. Ziegenfuss in the sum of $3,500, and judgment was entered thereon on January 31, 1962.

Thereafter, on August 7, 1962, Mr. and Mrs. Frey executed a judgment note in favor of Richland Feed Company, apparently the fictitious name of the business owned and operated by exceptant C. Stanley Sames.

On April 8, 1964, Bucks County Bank and Trust Company caused an execution to issue on its first mortgage bond. The sheriff sale was held on June 12, 1964, and the real estate levied upon was sold to a third party for $46,000. Presently before the court for disposition are the exceptions of C. Stanley Sames, trading as the Richland Feed Company, to the sheriff's schedule of proposed distribution which was filed on July 10, 1964. The sole issues raised by the exceptions relate to the allowance of attorney's commissions and costs in connection with the prior liens. Exceptant takes the position that the attorney's commissions allowed the first mortgagee are excessive, and that no attorney's commissions should have been allowed to Mr. and Mrs. Ziegenfuss in connection with their second mortgage and their judgment note. Exceptant notes that Mr. and Mrs. Ziegenfuss were represented by the same attorney who represented the Bucks County Bank and Trust Company, and that execution on the second mortgage and judgment note was "unnecessarily" issued on the day of the sheriff's sale on the first mortgage.

In Zug v. Searight, 150 Pa. 506 (1892), our Supreme Court squarely decided that in the determina-

tion of the distribution of the proceeds of a sheriff's sale of real estate, a subsequent judgment creditor has no standing to contest the amount of attorney's commissions on a prior judgment, unless fraud or collusion is shown. Counsel for the exceptant argues, in effect, that this decision is wrong. While of course we are bound by the cited decision of our Supreme Court and could not change the law even if we were to agree with exceptant's argument, it may not be amiss to note that the cited case is simply one application of the familiar and firmly established principle protecting judgments from collateral attack except in cases of fraud or collusion. See, for example, Gordon, Secretary of Banking v. Hartford Sterling Company, 350 Pa. 277 (1944); Slater Supply Company v. Universal Builders' Supply Company, 397 Pa. 533 (1959), and cases there cited. See also Shuchman, Pennsylvania Judgment Notes, §35.4, p. 127.

Shortly before the scheduled argument of the exceptions in this case, exceptant filed a petition for leave to intervene as a party defendant, apparently with a view toward achieving a status which would enable him to raise the attorney's commission questions mentioned above. The application to intervene is opposed by the Bucks County Bank and Trust Company and Mr. and Mrs. Ziegenfuss. Exceptant's brief makes the interesting argument that the latter have no standing to oppose exceptant's petition to intervene, since they have not themselves formally intervened. It is our opinion that the whole question of intervention is moot.

The only pending action in which exceptant is attempting to intervene, as we understand his position, is the execution proceeding. As the holder of a subsequent lien on the real estate in question, exceptant clearly had the right to file exceptions to the sheriff's schedule of distribution; that is to say, intervention is unnecessary to enable exceptant to attack the pro-

posed distribution, and that is all that the exceptant wishes to do. The petition to intervene expressly states that, if permitted to intervene, exceptant will adopt as his pleading the exceptions already filed.

We are reasonably confident that the exceptant is not attempting to intervene as a party-defendant in the underlying judgment. Apart from the question whether such intervention would require exceptant to assume the liability of the judgment, and the question whether there is an action "pending" within the meaning of Pennsylvania Rule of Civil Procedure 2327, we note that the petition seeks leave to intervene in "the above-captioned action", and the only action referred to in the caption is the execution proceeding; and, further, that the petitioner has not indicated any intention to file an application to open the underlying judgment.

In any event, whatever exceptant's procedural intentions may be, we are satisfied that the governing legal principles remain the same and remain applicable. Since exceptant makes no claim of fraud or collusion, he can neither sustain his exceptions to the schedule of distribution, nor achieve standing to raise these questions in any other manner.

In addition to the matters discussed above, it has been stipulated that the exception filed by the execution-plaintiff, relating to certain proposed tax payments, should be sustained.

### ORDER

And now, March 22, 1965, for the reasons set forth in the foregoing opinion, the exceptions of C. Stanley Sames trading as Richland Feed Company are hereby dismissed; and the petition to intervene is refused, and the rule granted thereon is discharged. The exception of Bucks County Bank and Trust Company is sustained.