## Western Flour Company v. Alosi et ux., Appellants.

Argued March 23, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Joseph P. Gorham,* for appellants.

*Rudolph J. Di Massa,* for appellee.

OPINION BY MONTGOMERY, J., April 15, 1970.

This is an appeal from the order of the former County Court of Philadelphia County refusing the petition of appellants, Rosario Alosi and Marie Alosi, his wife, to set aside a sheriff's sale of their real property which had been levied on and sold to satisfy a judgment of the Western Flour Company (Western), the judgment creditor-appellee. No depositions having

been filed by either party, this case was decided by the court below on petition and answer.

This controversy involves the interpretation and application of the provision of the Deficiency Judgment Act of July 16, 1941, P. L. 400, §1, 12 P.S. §2621.1, which reads as follows: "Whenever any real property has heretofore been or is hereafter sold, directly or indirectly, to the plaintiff in execution proceedings and the price for which such property has been sold was or is not sufficient to satisfy the amount of the judgment, interest and costs and the plaintiff seeks to collect the balance due on said judgment, interest and costs, the plaintiff or plaintiffs shall petition the court having jurisdiction to fix the fair market value of the real property sold as aforesaid. . . ." The appellants argue that the present sheriff's sale is void because Western previously on the same judgment had executed on other real property belonging to them, became the purchaser thereof at the sheriff's sale, and failed to comply with the above provision of the Deficiency Judgment Act before proceeding to execute on and sell their other property. Western argues that it was not required to comply with the act after the previous sheriff's sale for the reason that it neither directly nor indirectly was the purchaser of the property at that sale.

The uncontroverted facts are as follows. On May 28, 1968, judgment was confessed by Western on a judgment note signed by appellants, and damages were assessed in the amount of $872. On the same day execution issued and a levy was made on premises owned by appellants at 3912 North Reese Street, Philadelphia, Pennsylvania, the sheriff's sale of same being held in July, 1968. The property was sold by the sheriff to the attorney on the writ, Rudolph J. DiMassa, representing Western Flour Company, for $2,050, which covered only the delinquent taxes and costs, no other bids for same having been made. Thereafter Western took

no action in compliance with the Deficiency Judgment Act, but on September 18, 1969, issued another writ of execution on premises owned by appellants at 3910 North Reese Street, Philadelphia, Pennsylvania. This property was offered for sale by the sheriff on November 3, 1969. There were no other bids at this sale, and this property was also sold to Rudolph J. DiMassa, the attorney on the writ, for $3,000, representing delinquent taxes and costs.

Although the sheriff returned the property sold at the first sale as having been sold to Ruggero D'Onofrio for $2,050, Western's answer to appellants' petition states, "3. . . . There were no bids in that sale and the property went to Rudolph J. Di Massa, Esquire, attorney on the Writ, for the sum of $2,050.00 for delinquent taxes and costs only. The sale to the attorney on the Writ for the stated consideration did not include any part of the judgment which plaintiff has in the instant case." From this admission, it must be concluded that after the property "went to" DiMassa, Western's attorney, D'Onofrio was designated by the attorney or his client to take title to the property and the sheriff complied with such request or designation. However, it appears equally clear that D'Onofrio was not the person to whom the sheriff sold or "knocked down" the property or whom it "went to" at the time of the bidding when the sale was conducted. At that time it went to DiMassa; and it went to him as the attorney on the writ, representing Western, the plaintiff-appellee.

The general rule is that an attorney for an execution creditor may not purchase property at an execution sale for his own benefit and to the prejudice of his client, for a sum less than the amount of the claim for the satisfaction of which the property is sold. *Barrett v. Bamber*, 81 Pa. 247, 33 Leg. I. 290, 2 W.N.C. 555 (1876); *Brady's Adm'r. v. Maynard*, 23 Leg. Int. 276 (1866); *Maynard v. Best*, 24 Leg. Int. 220; *Brady's*

*Adm'r. v. Maynard,* 24 Leg. Int. 300 (1867) ; *Drysdale's Appeal,* 14 Pa. 531 (1850) ; *Leisenring v. Black,* 5 Watts 303, 30 Am. Dec. 322 (1836) ; 7 C.J.S. Attorney & Client §98.

Thus, Western became the purchaser of the property at the first sheriff's sale, giving it the equitable title thereto and entitling it to a deed for the legal title either from the sheriff or from its attorney, DiMassa, following his receipt of a deed from the sheriff if that procedure had been followed. Had DiMassa accepted such a deed, he would have held it as trustee for his client, a resulting trust in favor of his client arising under such circumstances. *Eshleman v. Lewis,* 49 Pa. 410 (1865) ; *Whitman v. O'Brien,* 29 Pa. Superior Ct. 208 (1905). Therefore, since Western directly or indirectly became the purchaser of the property, it was required under the Deficiency Judgment Act to have the property evaluated so as to allow proper credit on its judgment against appellants before proceeding against other property owned by the judgment debtors. The fact that the right to receive the deed may have been given to D'Onofrio by designation, assignment, or otherwise for or without consideration would be of no importance, since Western, as the purchaser, would have had the right to resell the property or give it away. However, it could not do so and proceed further against the debtor without allowing credit on the judgment against appellants for any equity in the property that might remain after payment of the costs of the sale and the unpaid taxes assessed against the property. In these circumstances, the practice of the attorney on the writ or his nominee taking title to real property at the sheriff's sale, whether by acquiescence or express design of the judgment creditor, should not be permitted to circumvent the purpose of the Deficiency Judgment Act, which is to be liberally interpreted

in aid of judgment debtors. *Grimes v. Grimes,* 216 Pa. Superior Ct. 150, 264 A. 2d 410 (1970).

Since Western did not comply with the Deficiency Judgment Act in this case, the second sale was subject to attack. Western's defense that nothing had been received by it in payment on the judgment is insufficient since the act created a presumption that the judgment had been satisfied by the first sale in the absence of a proceeding to establish a balance due thereon.

The order discharging the rule and dismissing appellants' petition is reversed and the sheriff's sale of their property at 3910 North Reese Street, Philadelphia, Pennsylvania, to R. J. DiMassa on November 3, 1969, is set aside.

Costs to be paid by appellee.