389 A.2d 1135

**Lester C. SHRAWDER, Jr., Appellant,**

v.

**Pearl W. QUIGGLE, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1977.

Decided July 12, 1978.

304

Daniel J. Clement, with him Clement & Knight, Lewisburg, for appellant.

Patrick H. Fierro, Williamsport, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from an order of the Court of Common Pleas of Northumberland County, wherein the court satisfied and discharged a deficiency judgment entered against defendant and set the fair market value of the property in question at $17,000. We affirm the order of the lower court.

Judgment for the plaintiff in an assumpsit suit was entered, based on a jury verdict, for the amount of $17,703.85 plus interest and costs. Plaintiff proceeded with a writ of execution, and real property of the defendant was sold to plaintiff as the successful bidder at a sheriff's sale on May 28, 1975. That same day, counsel for the plaintiff picked up the deed form from the sheriff in order to prepare the deed. Approximately nine months later, defendant petitioned under the Deficiency Judgment Act[1] to have the judgment satisfied and discharged, arguing that plaintiff failed to petition to have the fair market value of the real estate determined within six months of the sheriff's sale.[2] Plaintiff then petitioned to fix the fair market value of the property at $3,800. Defendant did not answer plaintiff's petition. The hearings on both petitions were consolidated, and the lower court granted defendant's petition for deficiency judgment and fixed the fair market value of the property at $17,000 according to defendant's expert testimony.

Plaintiff appeals these rulings and raises two issues: first, whether the lower court erred in holding plaintiff's judgment satisfied and discharged for not filing a petition to fix the fair market value within six months after the sheriff's sale of the property; and second, whether the fair market value of the property should have been fixed according to plaintiff's petition where there was no answer filed by defendant.

In the instant case, the record reveals that counsel for plaintiff picked up the deed form from the sheriff on the date of the sale, May 28, 1975. He then decided not to have the deed delivered due to the Pennsylvania Supreme Court decision in *Luskey v. Steffron,* 461 Pa. 305, 336 A.2d 298 (1975) decided April 17, 1975. In *Luskey,* the Court held the notice provision which governs sheriffs sales, Pa.R.C.P. 3129, did not satisfy the due process requirements of the United

1. Act of July 16, 1941, P.L. 400, § 1, 12 P.S. § 2621.1 et seq.; 12 P.S. § 2621.7a.

2. 12 P.S. § 2621.7.

States Constitution. Reargument was granted on the *Luskey* case for May 9, 1975. Due to the uncertainty of the law concerning sheriffs sales at that time, some counties discontinued all sheriffs sales as they awaited future pronouncements on the validity of the practice then in use. See Comment to Pa.R.C.P. 3129 (1975).[3] Appellant argues that this uncertainty in the law was a sufficient excuse for him to delay the execution and delivery of the sheriff's deed.

The Deficiency Judgment Act requires the plaintiff who purchases real property of the defendant in an execution proceeding to file, within six months after the sale of real property, a petition to fix the fair market value of the property. 12 P.S. § 2621.7. Failure to file this petition results in the debt being released and discharged. 12 P.S. § 2621.7a. In *Marx Realty and Improvement Co. v. Boulevard Center, Inc.,* 398 Pa. 1, 156 A.2d 827 (1959), our Supreme Court held that, for the purposes of the duty to file a petition to fix fair market value, the six month period begins from the date the sheriff's deed is executed and delivered to the successful bidder. In *Marx Realty,* supra, the sheriff's deed was delivered two months after the sale of the property and the petition to fix fair market value was filed six months after that date, thus the court found there was no violation under the Act.

In 1973, our Court addressed this issue in *Delaware Valley Factors, Inc. v. G. B. Echenhofer Co., Inc.,* 226 Pa.Super. 165, 313 A.2d 318. There a lapse of eleven months occurred between the fall of the hammer at the sheriff's sale and the plaintiff's filing his petition to fix fair market value. The deed was delivered nine months after the date of the sale, and although the reason for the delay was not clear, the briefs of the parties hinted that settlement was not possible sooner due to defendant's outstanding debts against the Commonwealth. Our Court stated,

3. Pa.R.C.P. 3129 was amended on November 6, 1975, and the decision in the reargument of *Luskey v. Steffron* came down on November 24, 1976. The rule pronounced in the first *Luskey* decision was held to apply prospectively to sheriffs sales initiated after April 17, 1975. *Luskey v. Steffron,* 469 Pa. 377, 366 A.2d 223 (1976).

"Absent some clearer showing of culpability on the part of [plaintiff] or some prejudice to [defendant's] position, and considering how quickly [plaintiff] acted to fix fair market value once the deed was delivered, we do not think the time between the sheriff's sale and the filing of the petition was so excessive as to constitute an exception to the rule laid down in *Marx Realty*." *Delaware Valley*, 226 Pa.Super. at 171, 313 A.2d at 322.

Although we agree with the holdings in *Marx Realty*, supra, and *Delaware Valley*, supra, that the six months period does not begin until the deed is executed and delivered, we feel the actions of appellant's counsel in holding the deed in this case present an exception to the *Marx Realty* rule. It is true that a bidder has no title until he actually receives the deed, and then he has the additional time of six months in which to remove obstacles from the title before filing a petition to fix fair market value. However, where the execution plaintiff delays unduly in preparing the deed and presenting it for signing,

"the Court remains in charge of the execution and of the sanctions provided by the Act, which keep the execution plaintiff under the shadow of losing his judgment and presenting the debtor with an irrebuttable presumption of full payment in kind." *Marx Realty*, 398 Pa. at 6, 156 A.2d at 830.

In this case, the original writ of execution was issued in 1974 and reissued on April 22, 1975. Hence the original writ was initiated in 1974, well in advance of the *Luskey v. Steffron* decision of April 17, 1975. Counsel for the execution plaintiff could not justifiably wait until the law was changed or modified when the law under which the sheriff's sale in question commenced was in effect. The lower court's order to satisfy and discharge the judgment for failure to file a petition to fix the fair market value was in keeping with the general purpose of the Deficiency Judgment Act which is to protect judgment debtors, as is our decision here. See *Hoffman Lumber Co. v. Mitchell*, 170 Pa.Super. 326, 85 A.2d 664 (1952); *Western Flour Co. v. Alosi*, 216 Pa.Super.

341, 264 A.2d 413 (1970). The decision of the lower court is affirmed.[4]

## II.

 The Deficiency Judgment Act requires that once a petition to fix fair market value is filed, the judgment debtor must file an answer to the petition. 12 P.S. § 2621.3. In default of an answer, the court may set the fair market value at the amount alleged in the execution plaintiff's petition. 12 P.S. § 2621.6. In this case, the judgment debtor did not file an answer to plaintiff's petition to fix fair market value. However, the record shows that the lower court judge allowed the expert testimony on valuation of the debtor's witnesses in lieu of an answer and then decided their testimony was more credible than that set forth by the plaintiff's expert. Appellant now argues that despite this testimony, defendant's failure to file an answer precludes a finding on this testimony, and the fair market value of the property should be fixed at $3800, the amount in the creditor's petition.

The purpose of the Deficiency Judgment Act is to remedy the

> "inequity that an execution creditor could purchase real estate for a nominal amount at a forced sale and still retain the full amount of judgment against the debtor. The solution to this problem was to reduce the judgment by the fair market value of the property instead of the actual sale price." *Philip Green and Son, Inc. v. Kimwyd, Inc.,* 410 Pa. 202, 205, 189 A.2d 231, 232–233 (1963).

Hence the Act gives the judgment debtor the right to answer the petition to fix fair market value and aver different facts from those averred by the creditor. Although no such answer was filed in the instant case, the

4. The opinion of the lower court and the briefs of the parties also mention *Federal National Mtg. Assoc. v. Guy Heavener, Inc.,* 16 Pa.Cmwlth. 386, 328 A.2d 590 (1974), as being the latest pronouncement that 12 P.S. § 2621.7 must be narrowly construed. However, that case differs factually from the instant one, and does not discuss the delivery of the sheriff's deed.

judge allowed the testimony of the expert witnesses to appear on the record, and counsel for the plaintiff stated that he was not asking for a default judgment. The lower court granted the debtor leave to file an answer later if the creditor still demanded one. Since the Deficiency Judgment Act is to be liberally construed to aid judgment debtors, *Western Flour Co. v. Alosi,* supra, and the evidence of fair market value was placed on the record, we hold the failure to file an answer in this case does not require the fixing of fair market value solely on the estimate in creditor's petition.[5]

Our review of a petition to fix fair market value is limited to deciding whether or not there is sufficient evidence to sustain the holding of the lower court or whether there is a reversible error of law. *Walnut St. Fed. Sav. and Loan Assn. v. Bernstein,* 394 Pa. 353, 147 A.2d 359 (1959); *Union National Bank of Pittsburgh v. Crump,* 349 Pa. 339, 37 A.2d 733 (1944). In this case, the lower court's opinion states the most credible evidence presented was that of the expert produced by the debtor. On the facts presented we find there was sufficient evidence for the judge to make that conclusion and no error of law occurred.

Judgment affirmed.

HOFFMAN, J., joins in Part I of this majority opinion.

VAN der VOORT and SPAETH, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

5. In *National Council of the Jr. Order of United American Mechanics of the U. S. of North America v. Zytnick,* 221 Pa.Super. 391, 293 A.2d 112 (1972), we stated that the fact a debtor is bound by the creditor's petition to fix fair market value when no answer is filed "might well be an inadequacy of the law." 221 Pa.Super. at 392, n. 1, 293 A.2d at 114, n. 1. However, our decision in this case in no way attempts to eradicate the need for an answer to the petition for fair market value. Our holding is based on the facts and statements by counsel and the judge in this particular case. Since the evidence required by the answer was before the court, and appellant did not request an answer later, the setting of fair market value according to the testimony presented was not error.