**Frankford Trust Company v. McGarvey**

*Christopher R. Rosser,* for plaintiff.
*Stephen I. Weiss,* for defendants.

MIMS, *J.*, April 16, 1981—This matter is before the court pursuant to the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103, on plaintiff's petition to fix fair value of premises sold to plaintiff, a judgment creditor, at sheriff's sale.

Plaintiff alleges that the fair market value of the premises at the date of sale was $745,000, that the costs of foreclosure were $575.58 and that, on the date of sale, the property was subject to tax liens in the amount of $129,710.09.

Defendants, judgment debtors, filed an answer to the petition asserting that the fair market value of the property on the date of sale was in excess of $1,250,000. Defendants' answer also included extensive new matter which presented numerous claims against plaintiff arising during the period between entry of judgments on which the execution is based and the sheriff's sale. Defendants request, for the reasons stated in their new matter, that the court reduce the amount of interest claimed by plaintiff and/or allow no deduction from fair market value for interest or taxes due to the date of sale.

The Deficiency Judgment Act of July 16, 1941, P.L. 400, 12 P.S. § 2621.1 et seq., provided in section 6 that at a hearing to fix market value of real estate sold to plaintiff in execution proceedings "the only issue before the court shall be the fair market value of the property. . . ." 12 P.S. § 2621.6. In 1976 the Deficiency Judgment Act was reenacted as part of the Judicial Code, 42 Pa.C.S.A. § 8103. This reenactment deleted the language of the prior statute restricting the issues to be heard to fair market value. Since, in this case, defendants want to present evidence on issues other than fair market value, we must determine whether the same restriction still applies under the current version of the act.

The act, 42 Pa.C.S.A. § 8103, provides in pertinent part:

"§8103. Deficiency judgments

"(a) General rule.—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.

". . .

"(c) Action on petition.—. . .

"(4) If an answer shall be filed and testimony produced setting forth that the fair market value of the property is more than the value stated in the petition, the court shall determine and fix the fair market value of the property, which shall in no event exceed the amount of the debt, interest, costs, taxes and municipal claims.

"After the hearing and the determination by the court of the fair market value of the property sold, the debtor, obligor, guarantor and any other person liable directly or indirectly to the judgment creditor for the payment of the debt shall be released and discharged of such liability to the judgment creditor to the extent of the fair market value of said property as previously agreed to by the judgment creditor or determined by the court, less the amount of all prior liens, costs, taxes and municipal claims not discharged by the sale, and also less the amount of any such items paid at the distribution on the sale, and shall also be released and discharged of

such liability to the extent of any amount by which the sale price, less such prior liens, costs, taxes and municipal claims, exceeds the fair market value as agreed to by the judgment creditor or fixed and determined by the court as provided in this subsection, and thereupon the judgment creditor may proceed by appropriate proceedings to collect the balance of the debt."

After carefully reviewing the statute, we conclude that the only purpose of the hearing is to fix fair market value and that testimony on other issues is irrelevant.

Subsection (c)(4) provides for the situation which has occurred here. It states that when an answer is filed and testimony is produced "setting forth that the fair market value . . . is more than the value stated in the petition, the court shall determine and fix the fair market value. . . ." In a subsequent provision, subsection (c) again refers to "the determination by the court of the fair market value of the property sold. . . ." Thus, according to the express language of the act, the testimony to be introduced should relate to fair market value and the only determination which the court is to make concerns fair market value.

Section 8103 is substantially a reenactment of the Deficiency Judgment Act of 1941, Official Source Note to 42 Pa.C.S.A. §8103, and the purpose of the act remains the same:

". . . to remedy the 'inequity that an execution creditor could purchase real estate for a nominal amount at a forced sale and still retain the full amount of judgment against the debtor. The solution to this problem was to reduce the judgment by the fair market value of the property instead of the

actual sale price.'" Philip Green and Son, Inc. v. Kimwyd, Inc., 410 Pa. 202, 205, 189 A. 2d 231, 232-233 (1963).

"Hence the Act gives the judgment debtor the right to answer the petition to fix fair market value and aver different facts from those averred by the creditor." Shrawder v. Quiggle, 256 Pa. Superior Ct. 303, 310, 389 A. 2d 1135, 1139 (1978).

We are also mindful of the rule that the Deficiency Judgment Act is to be liberally construed in favor of judgment debtors: Shrawder, supra; Delaware Valley Factors, Inc. v. G.B. Echenhofer Co., Inc., 226 Pa. Superior Ct. 165, 313 A. 2d 318 (1973). However, any such liberal construction must not distort the remedy which the act was intended to furnish. That remedy is to fix fair market value and nothing else. By doing so, the court protects the judgment debtor to the fullest extent provided. If defendants here have legitimate claims against plaintiff, on which issue the court expresses no opinion, they must pursue them in some manner other than by this hearing.

Therefore, we hold that only testimony as to fair market value may be presented at the hearing on plaintiff's petition to fix fair value and defendants' answer thereto. We also hold that the only determination which the court may make under the language of the Deficiency Judgment Act is to fix the fair market value of the subject premises. Once such a determination is made, defendants will be released from liability to the extent of the fair market value less taxes as prescribed by subsection (c). Defendants may present evidence as to the amount of taxes not discharged by, or paid at, the sheriff's sale. However, the court will not entertain evidence

of deductions or set-offs and no decision will be rendered as to other claims or other amounts due to either plaintiff or defendants.

## ORDER

And now, April 16, 1981, for the reasons stated in the foregoing opinion, it is hereby ordered and decreed that only evidence as to fair market value may be introduced at the hearing to fix the fair market value of the subject premises. If the parties wish to present additional testimony as to fair market value, they are directed to apply for a hearing date before the undersigned judge.