J-A20015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEVON SERVICE, LLC, AN ASSIGNEE OF CUSTOMERS BANK, SUCCESSOR TO BERKSHIRE BANK | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| JOHN M. HERMAN A/K/A JOHN HERMAN | : : : | |
| Appellant | : | No. 2103 MDA 2016 |

Appeal from the Judgment Entered December 20, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-18895

BEFORE: GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.: **FILED MARCH 26, 2020**

Appellant, John M. Herman a/k/a John Herman, appeals from the deficiency judgment entered against him, in the Berks County Court of Common Pleas, in favor of Appellee, Devon Service, LLC ("Devon"), an assignee of Customers Bank, Successor to Berkshire Bank. We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case as follows:

> [Appellant] secured a Commercial Line of Credit Agreement with Berkshire Bank in a principal amount up to $250,000.00 in October 2005. As security for the commercial line of credit, [Appellant] granted an open-ended mortgage (Mortgage) on [Appellant's] real property at 41-45 North 23rd Street, Mt. Penn, Berks County, Pennsylvania (Premises). The Mortgage was recorded on March 7, 2006, as Instrument #2006022875. The Credit Agreement was subsequently modified in [the] name of

Customers Bank, as successor to Berkshire Bank, in February 2012, with a Change in Terms Agreement and a restated Promissory Note. In October 2013, Customers Bank made demand under the Note for payment of the full balance of the Note and when the balance was not paid by [Appellant], the Note and Mortgage were placed into default. [Appellant] and Customers Bank entered into an agreement whereby [Appellant] consented to the Bank's filing a mortgage foreclosure action upon the Premises and the entry of a judgment in foreclosure by consent order.

The mortgage foreclosure action was filed to docket number 13-24770 in the Court of Common Pleas of Berks County with a stipulated entry of judgment. On or about February 4, 2014, Customers Bank, for value received, assigned all of its right, title, and interest in and to the Note and the Mortgage, as well as to the Judgment, to [Devon]. Devon purchased the Premises at sheriff's sale on February 7, 2014[, for $3,700.00]. Devon then proceeded **under the foreclosure docket** by filing a Petition to Fix Fair Market Value (Fair Market Value Petition).

Counsel for [Devon] served the Fair Market Value Petition…on July 10, 2014, along with a Rule to Show Cause, Notice to Defend and a Proposed Order by certified mail return receipt requested to [Appellant] at 3970 Perkiomen Avenue, Reading, PA 19606. On August 14, 2014, [Devon] served [Appellant] by mail, at the same address, with a Motion for an Order Making the Rule to Show Cause Absolute.[1] On August 20, 2014, the [court] entered an order fixing the fair market value of the property at $181,046.02. [Appellant] did not appeal that order.

[Devon] filed a Complaint in September 2014[,] to docket number 14-18895 seeking to recover a deficiency judgment

---

[1] In the foreclosure action, Appellant agreed to accept service at his business address. Devon filed its Fair Market Value petition as part of the foreclosure action and sent the petition and accompanying documents to Appellant at the agreed-upon address. No certified mailings related to the Fair Market Value petition were returned to Devon as either rejected or unclaimed. Appellant and Devon communicated about the Fair Market Value petition, which indicated Appellant's actual notice of the filings; but he did not object to the form of service or formally respond to any of the Fair Market Value filings.

from [Appellant] in the amount of $96,979.85 plus interest at the rate of $15.24 per diem from August 26, 2014, the date of filing of the suit. In response to the Complaint, [Appellant] asserted by Preliminary Objection that he had not been properly served with the Petition to Fix Fair Market Value and moved to strike [Devon's] request for attorneys' fees. The [trial court overruled] all of [Appellant's] Preliminary Objections on April 7, 2015.

In January 2016, the [deficiency judgment] matter was reassigned to this [court]. Trial was scheduled for July 2016, but counsel for both parties agreed to postpone trial and submit competing motions for summary judgment upon the sole issue in controversy: whether the Petition to Fix Fair Market Value had been properly served.[2]

The parties filed their respective Motions for Summary Judgment in June 2016, argument was held on September 19, 2016, and additional briefs were filed, at the [c]ourt's request, on the issue of concurrent jurisdiction. The [c]ourt determined that concurrent jurisdiction doctrine did not foreclose this Judge's review of the service question on Summary Judgment, even though [another jurist had] previously ruled on the issue when raised by Preliminary Objection. On November 29, 2016, the [c]ourt entered an order granting [Devon's] Motion for Summary Judgment and denying [Appellant's] Motion for Summary Judgment. This [c]ourt filed an amended order on December 15, 2016, entering [a deficiency] judgment in favor of [Devon] for the amount of $96,979.85 plus interest. [Appellant] filed a timely appeal on December 23, 2016, followed by a Concise Statement of Errors Complained of on Appeal on December 30, 2016.

_____

[2] Resolution of the service issue would decide the deficiency judgment matter without the need for a trial. To summarize, if service of Devon's Fair Market Value petition was deemed valid (or waived), then Appellant would be liable for the sums claimed because he failed to dispute them. On the other hand, if service of the Fair Market Value petition was deemed invalid, under applicable law Appellant could be discharged from all personal liability to Devon, upon Appellant's filing of a petition to have the judgment marked satisfied, released and discharged as a matter of law. *See* 42 Pa.C.S.A. § 8103(d).

(Trial Court Opinion, filed March 13, 2017, at 2-4).

Appellant now raises eight issues on appeal:

(1) WHETHER APPELLATE REVIEW OF A FINAL ORDER ENTERING JUDGMENT ON ALL ISSUES SHOULD CONSIDER ALL ISSUES RAISED BY SUMMARY JUDGMENT MOTIONS EVEN WHEN THE [TRIAL] COURT'S [RULE] 1925[(A)] OPINION IS LIMITED TO ONE ISSUE?

(2) WHETHER THE DISPUTED FACT OF WHETHER [OFFICE MANAGER] WAS [APPELLANT]'S AUTHORIZED AGENT IS AN ISSUE OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT IN DEVON'S FAVOR?

(3) WHETHER SUMMARY JUDGMENT SHOULD HAVE BEEN GRANTED IN [APPELLANT]'S FAVOR DUE TO DEVON'S FAILURE TO PRODUCE EVIDENCE OF AUTHORIZED AGENCY?

(4) WHETHER, AS A MATTER OF FIRST IMPRESSION, THE SUPERIOR COURT SHOULD FIND THAT AN OFFICE MANAGER AUTHORIZED TO ACCEPT CERTIFIED MAIL FOR THE OFFICE IS NOT AUTHORIZED TO ACCEPT SERVICE OF PROCESS UNRELATED TO THE OFFICE ABSENT EXPRESS AUTHORITY?

(5) WHETHER RULES OF CONSTRUCTION REQUIRE THAT AUTHORIZED AGENTS MUST HAVE EXPRESS AUTHORIZATION?

(6) WHETHER THE DEFICIENCY JUDGMENT ACT REQUIRES LEGAL SERVICE OF PROCESS AND NOT MERE INFORMAL NOTICE?

(7) WHETHER THE AMOUNT OF THE ALLEGED DEBT IS A QUESTION OF DISPUTED FACT AND THUS IS A JURY QUESTION?

(8) WHETHER THE JUDGMENT ENTERED FOR $96,979.85 IMPROPERLY INCLUDES $30,000.00 IN LEGAL FEES?

(Appellant's Brief at 3-4).

As a prefatory matter, in civil cases generally, the failure to include issues in a Rule 1925(b) statement waives the issues for appellate review. ***T.M.W. v. N.J.W.***, ___ A.3d ___, 2020 PA Super 17 (filed January 31, 2020) (citing ***Lineberger v. Wyeth***, 894 A.2d 141 (Pa.Super. 2006) and ***McKeeman v. Corestates Bank, N.A.***, 751 A.2d 655 (Pa.Super. 2000)). Likewise, the trial court is not expected to guess what issues an appellant wants to raise on appeal; and an appellant's Rule 1925(b) statement must be distinct enough for the trial court to identify and address the issues presented for review. ***Lineberger, supra*** at 148. Thus a Rule 1925(b) statement that is too vague to allow the court to identify the issues raised on appeal can lead the court to find waiver and disregard any argument. ***Id.***

Moreover, arguments, defenses, or other grounds for relief must be raised at the first opportunity before the trial court in summary judgment proceedings; otherwise, those grounds are waived on appeal. ***Devine v. Hutt***, 863 A.2d 1160 (Pa.Super. 2004) (citing ***Grandelli v. Methodist Hosp.***, 777 A.2d 1138, 1147-48 (Pa.Super. 2001) and ***Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership***, 764 A.2d 1100 (Pa.Super. 2000), *appeal denied*, 566 Pa. 664, 782 A.2d 546 (2001)). This Court has explained:

> Because, under Rule 1035.3, the non-moving party must respond to a motion for summary judgment, he…bears the same responsibility as in any proceeding, to raise all defenses or grounds for relief at the first opportunity. A party who fails to raise such defenses or grounds for relief may not assert that the trial court erred in failing to address them. To the extent that our former case law allowed presentation of arguments in opposition to summary

judgment for the first time on appeal it stands in derogation of Rules 1035.2 and 1035.3 and is not dispositive in this matter. The Superior Court, as an error-correcting court, may not purport to reverse a trial court's order where the only basis for a finding of error is a claim that the responsible party never gave the trial court an opportunity to consider. …

More recently, we have reaffirmed the proposition that a non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal. *See Payton v. Pennsylvania Sling Co.*, 710 A.2d 1221, 1226 (Pa.Super. 1998) (concluding that party's choice to argue that evidence was sufficient to establish element of cause of action in accordance with Rule 1035.3(a)(2) waived argument first raised on appeal that record should be supplemented under Rule 1035.3(b) to allow collection of additional evidence through discovery). Our application of the summary judgment rules in *Payton* establishes the critical importance to the non-moving party of the defense to summary judgment he…chooses to advance. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial court as a predicate for appellate review. …

*Id.* at 1105 (some internal citations omitted).

Instantly, Appellant filed his court-ordered Rule 1925(b) statement, raising issues regarding (1) whether Devon is the assignee of the mortgage; (2) whether Appellant owes Devon any sum of money, as an issue of material fact generally; (3) whether Devon supported its claim for deficiency judgment against Appellant personally with sufficient evidence, as an issue of material fact generally; (4) whether Devon has a valid claim for legal fees in the amount claimed , as an issue of material fact generally; (5) whether Appellant

should be discharged from all personal liability to Devon because of improper service of the Fair Market Value petition, where Nadia Muret was not "authorized" to accept service of the petition, as her agency is an issue of material fact generally; (6) whether Nadia Muret was an "authorized agent" to accept certified mail for Appellant personally at the business address, as an issue of material fact generally; (7) whether Devon's failure to serve Appellant personally with the Fair Market Value petition results in Appellant's discharge from all personal liability to Devon. (**See** Appellant's Rule 1925(b) Statement, filed 12/30/16, at 1-2; R.R. at 261a-262a).

Appellant's issues five and six on appeal are presented as questions of law on whether the Deficiency Judgment Act requires "express authorization" to accept service of a Fair Market Value petition and whether the law allows for "actual notice" in this context. These issues were not identified, included in, or reasonably suggested by the Rule 1925(b) statement. Appellant's Rule 1925(b) statement complains in a very general manner about the lack of personal service of the Fair Market Value petition and refers to his own affidavit declaring that his office manager was not his "authorized agent" to accept certified mail for Appellant personally and only he could accept service, but the Rule 1925(b) statement does not suggest any question of whether the Deficiency Judgment Act requires affirmative, express authorization to accept service of the Fair Market Value petition or the absolute prerequisite of personal service of the Fair Market Value petition or the adequacy of actual

notice in this context. Consequently, Appellant has waived issues five and six for appeal purposes, and we give them no further attention. *See id.*

Furthermore, the record makes clear the only issue before the trial court during summary judgment proceedings was Appellant's challenge to service of the Fair Market Value petition. Contrary to Appellant's contention, his motion for summary judgment called into question only the service of Devon's Fair Market Value petition and Devon's compliance with Section 8103 of the Deficiency Judgment Act. In the summary judgment proceedings, Appellant did not present or develop argument on any of the line items or exact amounts due other than to state an alleged discrepancy in the total deficiency judgment claimed and contend generally that he was excused from all personal liability on the basis of lack of proper service of the Fair Market Value petition. (*See* Appellant's Motion for Summary Judgment, filed 6/24/16; R.R. at 136a-151a). Appellant simply restated the alleged discrepancy in ¶ 33 of his answer to Devon's summary judgment motion. (*See* Appellant's Answer to Devon's Motion for Summary Judgment, filed 6/24/16; R.R. at 131a). Therefore, the sole issue presented to the trial court on summary judgment was service of the Fair Market Value petition.

Moreover, the trial court was correct in limiting its consideration to the issue of service of the Fair Market Value petition, because resolution of the service issue would decide the case without the need for a deficiency judgment trial. In other words, if service of the Fair Market Value petition was valid,

then Appellant would be liable for the sums claimed because he failed to dispute them in answer to the Fair Market Value petition and rule to show cause or in a timely appeal from the Fair Market Value order. If service of the Fair Market Value petition was invalid, applicable law would discharge all of Appellant's personal liability to Devon, and the sums claimed would not matter. Thus, the summary judgment motions were limited to the issue of service of the Fair Market Value petition, which in turn would dispose of the deficiency judgment action. Consequently, Appellant's seventh and eighth issues regarding the precise amounts of the claimed debt and counsel fees are inappropriate for this appeal, as they were not properly before the trial court in the summary judgment proceedings or otherwise reserved for challenge in the deficiency judgment action. Therefore, Appellant cannot introduce his damages claims for the first time on this appeal.[3] **See Grandelli, supra**.

In Appellant's remaining issues one through four, he complains his office manager, Ms. Nadia Muret, had no authority to sign for the certified mail containing the Fair Market Value petition because he did not expressly "authorize" her to accept service for Appellant personally. Appellant contends Ms. Muret's agency at Appellant's place of business extended only to normal business matters but did not extend to his personal dealings. Appellant complains Devon did not attempt service by Sheriff or court order but only by

---

[3] Although there was some discrepancy in the total damages sought, any inconsistency was resolved in the trial court; and the court's amended order entered judgment for the corrected amount.

mail and, given the protections afforded debtors under the Deficiency Judgment Act, Devon had to prove proper service of the Fair Market Value petition. Appellant asserts Ms. Muret failed to check the "agent" box on the return receipt and her affidavit does not say Appellant "authorized" her to perform actions unrelated to the business, which left open a material issue of fact on the extent of Ms. Muret's authority as Appellant's agent. Appellant claims Devon failed to produce sufficient evidence to show Ms. Muret was an authorized agent to accept service of the Fair Market Value petition, which in turn precluded summary judgment in Devon's favor. Appellant submits his "actual notice" of the Fair Market Value petition was not enough to require him to respond to the petition. Appellant concludes this Court should reverse the order entering summary judgment for Devon, as the court should have entered summary judgment for Appellant; in the alternative, Appellant insists the case should be remanded for a trial. We disagree.

Appellate review of an order granting summary judgment asks us whether the trial court abused its discretion or committed an error of law. ***Mee v. Safeco Ins. Co. of America***, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

***Miller v. Sacred Heart Hosp.***, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary.

- 10 -

***Pappas v. Asbel***, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

The Deficiency Judgment Act was first passed during the Great Depression of the twentieth century "to deal with the inequity that an

- 11 -

execution creditor could purchase real estate for a [nominal] amount at a forced sale and still retain the full amount of his judgment against the debtor. The solution to this problem was to reduce the judgment by the fair market value of the property instead of the actual sale price." ***Philip Green & Son, Inc. v. Kimwyd, Inc.***, 410 Pa. 202, 232-33, 189 A.2d 231, 205 (1963).

> The Deficiency Judgment Act applies whenever real property of the debtor has been sold in execution to the judgment creditor for a sum less than the amount of the judgment, interest and costs. Under the Deficiency Judgment Act, the creditor's judgment against the debtor is reduced by the fair market value of the property purchased by the creditor rather than by the actual sale price of the property. The objective of the Deficiency Judgment Act is to relieve a debtor from further personal liability to the judgment creditor when the real property taken by the judgment creditor on an execution has a fair market value on the date of sale sufficient so that the judgment creditor can dispose of the property to others without a further loss.

***Horbal v. Moxham Nat. Bank***, 548 Pa. 394, 403, 697 A.2d 577, 581-82 (1997). A petition to fix fair market value is necessary only if the judgment creditor seeks to collect the balance due on a judgment. ***Devon Service, LLC v. S & T Realty***, 171 A.3d 287, 291 (Pa.Super. 2017). To recoup any unpaid indebtedness not satisfied by the sale of the property, a judgment creditor must file a petition to fix fair market value within six months of the sale of collateral. 42 Pa.C.S.A. § 5522(b) (relating to six months' limitation). A judgment creditor must file the Fair Market Value petition "as a supplementary proceeding in the matter in which the real property was sold to the judgment creditor in execution proceedings (*i.e.* in the foreclosure action). ***Home Sav.***

***and Loan Co. of Youngstown, Ohio v. Irongate Ventures, LLC***, 19 A.3d 1074, 1080 (Pa.Super. 2011), *appeal denied*, 611 Pa. 670, 27 A.3d 225 (2011). "If the judgment creditor fails to file a [Section] 8103(a) petition to fix the fair market value of the property within six months of the sheriff's sale, then the debtor may file a petition to have the judgment marked satisfied, released and discharged as a matter of law." ***Id.*** at 1078 (citing 42 Pa.C.S.A. § 8103(d)).

Section 8103 of the Deficiency Judgment Act in relevant part provides:

**§ 8103.  Deficiency judgments**

**(a) General rule.**—Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold.  **The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.**  …

**(b) Effect of failure to give notice.**— Any debtor and any owner of the property affected thereby, who is neither named in the petition nor served with a copy thereof **or notice of the filing thereof as prescribed by general rule**, shall be deemed to be discharged from all personal liability to the judgment creditor on the debt, interest and costs, but any such failure to name such person in the petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against any respondent named and served.

**(c)  Action on petition.**—

(1) If no answer is filed within the time prescribed by general rule…, the court shall determine and fix as the

fair market value of the property sold the amount thereof alleged in the petition to be the fair market value.

* * *

**(d) Action in absence of petition.**—If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

42 Pa.C.S.A. § 8103(a)-(d) (some emphasis added).

Pennsylvania Rule of Civil Procedure 3283 governs service of a Fair Market Value petition and provides:

**Rule 3283.  Service**

(a)(1)   If there is an attorney of record, service shall be made upon the respondent's attorney of record pursuant to Rule 440(a)(1)(i) or (ii).

(2)  If there is no attorney of record, service shall be made

(i)   by the sheriff or a competent adult in the manner prescribed by Rule 402(a) for service of original process, **or**

(ii) by the petitioner mailing a copy in the manner prescribed by Rule 403, or

> (iii) if service cannot be made as provided in subparagraphs (i) or (ii), pursuant to special order of court as prescribed by Rule 430.
>
> (b) The person serving the petition shall file a return of service as provided by Rule 405.

Pa.R.C.P. 3283 (emphasis added). Rule 403 provides:

> **Rule 403.  Service by Mail**
>
> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent.  **Service is complete upon delivery of the mail**.
>
> (1)    If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon.  Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.
>
> (2)    If the mail is returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules.
>
> *Note:*    The United States Postal Service provides for restricted delivery mail, which can only be delivered to the addressee or his authorized agent.  Rule 403 has been drafted to accommodate the Postal Service procedures with respect to restricted delivery.

Pa.R.C.P. 403.  If the judgment debtor fails to respond to the petition to fix fair market value, then "the court shall determine and fix as the fair market value of the property sold the amount thereof alleged in the petition to be the fair market value."  42 Pa.C.S.A. § 8103(c)(1).  The petition to fix fair market

value is a supplementary proceeding in the original foreclosure action. 42 P.C.S.A. § 8103(a). An order fixing fair market value is immediately appealable. ***See, e.g., Walnut St. Federal Sav. and Loan Ass'n v. Bernstein***, 394 Pa. 353, 147 A.2d 359 (1959) (reviewing appeal from order fixing fair market value and stating order is award equivalent to assessment of damages in personal injury case or accounting balance in equity); ***Union Nat. Bank of Pittsburgh v. Crump***, 349 Pa. 339, 37 A.2d 733 (1944) (reviewing appeal from trial court order fixing fair market value); ***Devon Service, supra*** (reviewing appeal from trial court order granting petition to fix fair market value and decree fixing fair market value).

Instantly, Customers Bank filed a mortgage foreclosure action at docket no. 13-24770 on November 4, 2013, with a stipulated entry of judgment. Customers Bank assigned its rights to Devon, who purchased Appellant's property at a sheriff's sale on February 7, 2014. In the foreclosure action, Appellant agreed to accept service at his business address. Counsel for Devon timely filed and served the Fair Market Value petition on July 10, 2014, along with a Rule to Show Cause, Notice to Defend and a Proposed Order by certified mail/return receipt requested on Appellant at the agree-upon address of 3970 Perkiomen Avenue, Reading, PA 19606. Ms. Muret signed the return receipt requested as the office manager at the agreed-upon business address. No certified mailings related to the Fair Market Value petition were returned to Devon by the postal service as either rejected or unclaimed. Further,

Appellant and Devon communicated about the Fair Market Value petition, which indicated Appellant's actual notice of the filings. Nevertheless, Appellant did not object to the form of service or formally respond to any of the Fair Market Value filings. On August 20, 2014, the court fixed the fair market value of the property sold. Appellant did not appeal that order. Thus, Appellant waived any issue regarding service of the Fair Market Value petition by failing to object during the Fair Market Value proceedings.

Moreover, nothing in the record suggests Devon knew or had reason to know that service might have been flawed. Therefore, under the rules governing service in this context, service was complete upon delivery of the mail. *See* Pa.R.C.P. 403. If Appellant had timely objected to the manner of service, then Devon would have been able to correct any alleged problems expeditiously. Appellant chose to ignore the pleadings and engage in a risky strategy. Further, Appellant did not appeal the court's order fixing fair market value, which arguably was the last stage in the proceedings where he could have challenged service of the Fair Market Value petition. *See Walnut St. Federal Sav. and Loan Ass'n, supra*.

Instead, Appellant waited until Devon filed its deficiency judgment action to argue improper service of the Fair Market Value petition. At a pre-trial conference, both parties agreed to postpone trial and submit motions for summary judgment on the issue of service of the Fair Market Value petition. The trial court reasoned as follows:

In the instant matter, [Devon] served [Appellant] with the Petition to Fix Fair Market Value by certified mail, return receipt requested, to 3970 Perkiomen Avenue, Reading, PA 19606, the address [Appellant] had designated for service on his Acceptance of Service of the Complaint in Foreclosure. The mail was accepted and signed for by Nadia Muret, the Office Manager of NAI Keystone Commercial & Industrial, LLC (NAI), where [Appellant] kept his office as a part owner and sales agent of NAI. As [Appellant] himself did not sign for the mail, [Devon] must provide an evidentiary basis to show that Ms. Muret was an authorized agent of [Appellant].

The business which [Appellant] owned in part, NAI, employed Ms. Muret as an Office Manager at the time when the Petition to Fix Fair Market Value was served on July 10, 2014. In an Affidavit, Ms. Muret freely admits that in the course of her duties as Office Manager she routinely signed for certified mail addressed to the real estate sales agents at NAI, including [Appellant]. It was regular practice for Ms. Muret to sign for certified mail and then place it on the desk of the addressee. At no time did [Appellant] instruct Ms. Muret, his Office Manager, not to sign for certified mail addressed to him. Ms. Muret also confirmed her signature on the return receipt card for the Petition to Fix Fair Market Value.

Furthermore, [Appellant] admitted that on or about July 10, 2014[,] he had knowledge that the Petition to Fix Fair Market Value was filed to the foreclosure docket. [Appellant] also later emailed Customers Bank to arrange a time to discuss the deficiency judgment and at no point did [Appellant] file a Notice of Appeal or a response to the Petition or Order.

In light of the totality of the evidence presented by [Devon] and the evidence in the record, this [c]ourt determined that Ms. Muret, [Appellant's] Office Manager, who accepted mail and documents for [Appellant] without restriction or limitation, was, in fact, an agent of [Appellant] authorized to accept the delivery of certified mail. Accordingly, the [c]ourt found that [Appellant] was properly served with the Petition to Fix Fair Market Value. [The court] agrees with [Devon] that [Appellant's] after-the-fact effort to deny the

authority of his Office Manager and agent should fail.

Thus, [the court] determined that [Devon was] entitled to summary judgment as a matter of law and [Appellant] was not.

(Trial Court Opinion at 7-8). We accept the court's analysis. Devon consistently and steadfastly argued that Appellant had waived any objection to service of the Fair Market Value petition. The trial court saw fit to consider the service issue by way of summary judgment because it would remove the need for a trial in the deficiency judgment action. Based upon the foregoing, we conclude Appellant waived his challenge to service of the Fair Market Value petition when he failed to raise it in the Fair Market Value proceedings. Even if Appellant had properly preserved the issue, the trial court concluded the issue failed on the merits. Accordingly, we affirm. **See Boyer v. Walker**, 714 A.2d 458 (Pa.Super.1998) (stating appellate court may affirm decision of trial court on any basis if that decision is correct); **Alco Parking Corp. v. Public Parking Authority of Pittsburgh**, 706 A.2d 343 (Pa.Super.1998), *appeal denied*, 555 Pa. 725, 725 A.2d 178 (1998) (stating where trial court has reached correct result, appellate court can sustain decision for any reason).

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/26/2020</u>